# MILMAN LABUDA LAW GROUP PLLC
**3000 MARCUS AVENUE**
**SUITE 3W8**
**LAKE SUCCESS, NY 11042**
_____

**TELEPHONE (516) 328-8899**
**FACSIMILE (516) 328-0082**

Author: Perry S. Heidecker – Senior Counsel
Direct E-Mail Address: perry@mllaborlaw.com
Direct Dial: (516) 303-1440

January 22, 2021

*Via ECF*

Hon. Vernon S. Broderick
United States District Judge
U.S. District Court, S.D.N.Y.
40 Foley Square
New York, NY 10007

      Re:    *Edwards v. The ServiceMaster Company, LLC, et al.*
                Case No.: 20 Civ. 6124 (VSB)(RWL)
                MLLG File No. 69-2020

Dear Judge Broderick:

      This firm is counsel for the Defendants in the above-referenced action. Along with counsel for Plaintiffs, we jointly write pursuant to Your Honor's order dated January 14, 2021 (ECF No. 39) (the "Order"), to provide the Court with the requested information about the case.

## I.      Defendants' Position

      It is the Defendants' position that the previous Motion for Conditional Certification has been rendered moot. The reason is that new decisional law has been recently handed down that would have a material impact on the outcome of the Motion.

      All collective actions brought pursuant to § 216(b) of the FLSA require the Court to certify that the Plaintiffs are "similarly situated" so that they may give notice to potential group members and proceed collectively. Often Courts utilize a two-part test to determine if certification is appropriate. First, based upon affidavits and pleadings, the Court may "conditionally" certify the collective group so that notices of the pending action may be sent to members of the putative group. Second, after discovery has taken place, the Court may determine if members of the putative collective group are "actually" similarly situated and then certify or de-certify the putative collective group as may be appropriate.

This two-step approach, first enunciated in *Lusardi v. Xerox Corp.,* 118 F.R.D. 351 (D.N.J. 1987), is commonly, but not universally, applied. In a putative FLSA collective action, District Courts have discretion on whether to allow a collective action and direct that notice be given to potential class members. *Madrid v.Minolta Business Solutions, Inc*., 2002 U.S. Dist. LEXIS 18539 *2 (S.D.N.Y. October 1, 2002 citing *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165 (1989); *Braunstein v. Eastern Photographic Labs., Inc.*, 600 F.2d 335, 336 (2d Cir. 1978). This discretionary power, however, must only be exercised in appropriate cases. Courts are sensitive to the possibility that "conditional certification" and the early mailing of opt-in notices present multiple dangers. First, there is the opportunity for abuse by intensifying pressure to settle regardless of the merits of the action. Second, the opt-in notices give the appearance of court-endorsed solicitation of claims, thus stirring up unwarranted litigation. For that reason, Courts have created different methods of exercising their discretion.

One such method was articulated in the recent decision in *Swales v. KLLM Transport Services, LLC,* 3:17-CV-490 (5th Cir. January 12, 2021). In the *Swales* case, the United States Court of Appeals for the Fifth Circuit expressly rejected the two-part *Lusardi* approach because it is not grounded in either statutory or Supreme Court guidance. Rather, the Court held that the issue of "similarly situated" must be rigorously scrutinized at the outset of the case, not after a lenient step-one "conditional certification." Only then, after some preliminary discovery, can the Court determine whether the request opt-in notice will go to only those who are "actually similar" to the named plaintiffs.

In the case at hand, the parties briefed the issue of certification under a two-part *Lusardi* approach. Defendants respectfully submit that the recently-decide *Swales* approach would be a more appropriate way for the Court to exercise its discretion.

In the case at hand, the putative collective group members exhibit many differences. These differences include different employers, different time-keeping practices, different employment practices and policies, different time periods of employment and arbitration agreements signed by some, but not all, members of the putative collective group.

By following the one-step *Swales* approach, the Court can avoid the dangers inherent in the two-step *Lusardi* approach: undue pressure on the parties regardless of the merits and the appearance of court-sponsored litigation. Although *Swales* was decided in a different Circuit, its reasoning is compelling and entirely applicable to the matter under present consideration. Defendants have called this case to the Court's attention immediately after its publication.

The Defendants, therefore, request that the parties be given the opportunity to re-brief the issue of Certification in light of newly decided case law.

II.     **Plaintiffs' Position**

Plaintiffs' position is that the filing of the amended complaint does not render the pending motion to conditionally certify a collective action pursuant to the Fair Labor Standards Act § 216(b) moot because both Plaintiffs' pending motion and their Amended Complaint are distinguishable from the motion and amendments in *Kiobel v. Royal Dutch Petroleum Co.*, 02 Civ. 7618, 2006 WL 7150834 (S.D.N.Y. Feb. 10, 2006).

First, unlike *Kiobel,* Plaintiffs' do not have a pending Rule 23 class motion, rather, the pending motion is for the first stage of conditional certification of a collective action under the FLSA § 216(b).  At this first stage, the Court applies a "fairly lenient standard" where Plaintiffs must only demonstrate that they are similarly situated to other employees.  *Iglesias-Mendoza v. La Bella Farm, Inc.*, 239 F.R.D. 363, 367 (S.D.N.Y. 2007) (citing *Torres v. Gristede's Operating Corp.*, 2006 WL 2819730, at *7 (S.D.N.Y. Sept. 28, 2006)).  In *Kiobel*, the pending motion related to the state law claims under the New York Labor Law Rule 23 motion for class certification.  The requirements of a Rule 23 class certification are more burdensome than FLSA conditional certification.  *See Myers v. Hertz Corp.*, 624 F. 3d 537, 547 (2d Cir. 2010) ("The party seeking class certification bears the burden of establishing by a preponderance of the evidence that each of Rule 23's requirements has been met"); *See also* Fed. R. Civ. P. 23(a) and (b).  While the factual allegations for the FLSA collective and Rule class are similar, the requirements for a Rule 23 class motion are significantly more burdensome and require an entirely different factual analysis.  As described below, Plaintiffs' amendments do not impact their FLSA collective claims, thus the pending FLSA motion for conditional certification should not be rendered moot, as the factual allegations and claims relating to the motion have remained unchanged.

Second, in *Kiobel*, the amendments to the complaint were directly related to allegations in the Plaintiffs' pending Rule 23 motion, including the addition of a new defendant, redefining the class period, and the withdrawal of two plaintiffs who were formerly proposed as class representatives.  *See Kiobel*, 2016 WL 7150834, at *1.  The *Kiobel* amendments raised due process problems due to the representative party.  *Id.*  Here, Plaintiffs' Amended Complaint has made no changes to the proposed FLSA collective class or to any facts or allegations that relate to Plaintiffs' FLSA collective class as asserted in their First Cause of Action.  The Defendants are the same, the class representatives are the same, and the definition and class period and job position of the FLSA collective all remain the same.  Rather, Plaintiffs' Amended Complaint removed two claims, both of which are unrelated to the pending motion for certification of a FLSA collective class of employees who worked off-the-clock.  Specifically, Plaintiffs' amendments dismissed the Rule 23 Class under the NYLL, which related to Plaintiffs' second and third causes of action, and dismissed an individual misclassification claim for Plaintiff Edwards for unpaid overtime.  This claim was not included and is completely unrelated to the pending FLSA collective claims and motion for conditional certification for the off-the-clock unpaid overtime claims.

Accordingly, Defendants' opposition to Plaintiffs' pending motion has not been prejudiced in any way as a result of Plaintiffs' Amended Complaint.  Defendants' have only benefited by having the Rule 23 Class claims and a misclassification claim dismissed, thereby narrowing this lawsuit to focus only on Plaintiffs and the putative FLSA collective claims, which remain unchanged.

In response to Defendants' position stated *supra*, the Court should reject Defendants' reliance on *Swales v. KLLM Transport Services, LLC,* 17 Civ. 490 (5th Cir. Jan. 12, 2021), as the Fifth Circuit's decision is not binding precedent on this Court.  The Second Circuit has a long adopted the "two-tiered" approach and the lenient standard of addressing FLSA collective actions. *See Myers*, 624 F. 3d at 555; s*ee also Glatt v. Fox Searchlight Pictures, Inc.*, 811 F.3d 528, 540 (2d Cir. 2016) ("In *Myers*, we endorsed a two-step process for certifying FLSA Collective actions"); *see same Garcia Ramos v. DNC Food Service Corp.*, No. 19 Civ. 2967, 2020 WL 2832776, at *2 (S.D.N.Y. June 1, 2020) (Broderick, J.) (applying the *Myers*' two-step certification

process for an FLSA conditional certification motion and requiring a plaintiffs only meet a "modest" burden). The parties previously submitted briefs on Plaintiffs' pending motion properly address the legal issues and applied the relevant caselaw. In conclusion, Plaintiffs' submit that Defendants' argument is based on mere dicta, none of which is binding on this court, rendering it neither persuasive nor relevant to warrant a re-briefing of the motion.

    Respectfully submitted,

    KESSLER MATURA P.C.
    *s/ Marijana Matura*
    Marijana Matura

    MILMAN LABUDA LAW GROUP, PLLC
    /s/ *Perry S. Heidecker*
    Perry S. Heidecker, Esq.