USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/26/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                     :

TANESHA EDWARDS and JESSICA        :
ORTEGA, *on behalf of themselves and those*  :
*similarly situated*                               :
                                                     :        20-cv-6124 (VSB)
                        Plaintiffs,   :
                                                     :           **ORDER**
                -against-             :
                                                   :
THE SERVICEMASTER COMPANY, LLC,  :
et al.,                                                 :
                                                 :
                       Defendants.   :
                                                 :
------------------------------------------------------------ X

<u>VERNON S. BRODERICK</u>, United States District Judge:

      I am in receipt of the parties' January 22, 2021 joint letter indicating the parties' respective positions as to whether or not Plaintiffs filing an amended complaint moots Plaintiffs' currently pending motion for conditional certification.  (Doc. 43.)  Defendants argue that Plaintiffs' previous motion for conditional certification is moot, requesting an opportunity to re-brief the issue of certification in light of an Fifth Circuit case decided earlier this year that rejected the so-called "two-step" approach to certification of FLSA collective actions.  (*Id.* at 1–2.)  Plaintiffs argue that the amended complaint does not moot their pending motion because the amended complaint has made no material changes to Plaintiffs' collective action allegations.  (*Id.* at 2–4.)

      The law in this Circuit is not definitive as to whether or not the filing of an amended complaint moots a pending motion for class certification.  However, after reviewing Plaintiffs' initial complaint and amended complaint, it is clear that the FLSA collective action allegations contained in the two filings are substantially similar, if not identical.  (*Compare* Doc. 1, at ¶¶ 94–

102, *with* Doc. 40, at ¶¶ 80–88.)  Consequently, the filing of the amended complaint does not prejudice Defendants as it pertains to Plaintiffs' pending motion for certification.

In arguing that I should adopt the Fifth Circuit's approach to analyzing FLSA collective actions, Defendants ignore that I am bound by Second Circuit precedent to adopt the two-step approach.  *See, e.g.*, *Scott v. Chipotle Mexican Grill, Inc.*, 954 F.3d 502, 515 (2d Cir. 2020). More fundamentally, Defendants do not actually argue that Plaintiffs' amended complaint moots the pending motion for certification or that they would be prejudiced in any way.

Accordingly, it is hereby:

ORDERED that the filing of Plaintiffs' amended complaint does not moot Plaintiffs' pending motion for conditional certification, which I will decide based on the briefing that the parties have already submitted.

SO ORDERED.

Dated:  January 26, 2021
       New York, New York

*/s/ Vernon Broderick*
Vernon S. Broderick
United States District Judge