

April 20, 2021

**Via ECF**
Hon. Robert W. Lehrburger, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

  Re: *Edwards, et al. v. The ServiceMaster Company, LLC, et al.*
    Case No. 20 Civ. 6124 (RWL)

Dear Judge Lehrburger:

  The Parties jointly request that the Court approve the Parties' Fair Labor Standards Act ("FLSA") Settlement Agreement (attached as Exhibit 1 to Declaration of Marijana Matura in Support of the Parties' Motion to Approve the FLSA Settlement ("Matura Decl."))[1] and so order the Stipulation of Dismissal with Prejudice (attached as Exhibit A to the Settlement Agreement). The settlement reflects a reasonable compromise over contested issues that was reached as a result of an arms-length negotiation between the parties, who were adequately represented by counsel. *See* Matura Decl. ¶¶ 5-27 and 35-43.

**I. Factual and Procedural Background**

  Plaintiffs worked for Defendants as customer service specialists and/or customer service representatives ("CSSs") at Defendants' New York office. *Id.* ¶ 33. On August 5, 2020, Plaintiffs Edwards and Ortega on behalf of themselves and others similarly situated, filed a Complaint alleging that Defendants violated the FLSA and the New York Labor Law ("NYLL"). ECF No. 1. Plaintiffs asserted, in part, that Plaintiffs worked off-the-clock overtime and did not receive pay for all overtime hours in violation of the FLSA and NYLL. Matura Decl. ¶ 33. Defendants denied Plaintiffs' allegations. *Id*. ¶ 34; ECF No. 15.

  To date, one individual opted into the case by filing a consent to join form (together with Plaintiffs Alfano and Ortega referred to as "Plaintiffs"). *See* Matura Decl. ¶ 36. On October 29, 2020, the Parties participated in a full day private mediation that resulted in an impasse. *Id.* ¶ 35. On November 20, 2020, Plaintiffs filed a motion for conditional certification of a collective action under the FLSA that was fully briefed by the parties. *Id*. ¶ 37. The case was then referred for a pre-settlement conference before Your Honor, which took place on February 23, 2020. *Id*. ¶¶ 40-41.

---

[1] All Exhibits hereinafter are attached to the Matura Decl.

**KESSLER MATURA P.C.** | 534 Broadhollow Road, Suite 275, Melville, New York 11747 | Tel 631.499.9100 | Fax 631.499.9120
www.kesslermatura.com



Hon. Robert W. Lehrburger, U.S.M.J.
Re: *Edwards v. The ServiceMaster Company, LLC*
Page 2 of 4

In anticipation of the settlement conference, the parties engaged in informal discovery, including the exchange of payroll documents. *Id*. ¶ 40. Plaintiffs' Counsel analyzed Defendants' records and created a spreadsheet to compute the approximate amount of damages owed for Plaintiffs. *Id*.; Ex. 5. During the settlement conference, and with Your Honor's assistance, the Parties reached a resolution. *Id.*

Since this settlement involves FLSA claims, the Parties respectfully request that Your Honor approve the FLSA Settlement as fair and reasonable for the reasons set out below.

**II.   The Settlement.**

The parties agreed to settle the claims of Plaintiffs Edwards, Ortega, and opt-in Plaintiff Lawson for $160,000.00. *Id*. ¶ 41. The proposed settlement provides that each Plaintiff will receive a payment based on her pro-rata share of the best-case calculations in Exhibit 5 which are based on Defendants' payroll records and Plaintiffs' recollection of hours worked, and in exchange will release their FLSA and NYLL claims against Defendants. *Id.* ¶ 43.

**III.   The Proposed Settlement is Fair and Reasonable and Consistent with the Second Circuit's Decision in *Cheeks v. Freeport Pancake House*.**

The Parties may not enter into a FLSA settlement agreement and stipulate to the dismissal of their case pursuant to Rule 41(a)(1)(A)(ii) of the FRCP without the court approving the fairness and reasonableness of the settlement. *Cheeks v. Freeport Pancake House, Inc.*, 769 F.3d 199, 206 (2d Cir. 2015); *see also Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y 2012). In evaluating the fairness and reasonableness of the proposed settlement, the Court should consider the totality of the circumstances, including the following factors:

> (1) range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; [and] (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (S.D.N.Y. 2012). "Generally there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Valdez v. Michael Walter Const. Co. Inc.*, No. 16 Civ. 6793, 2018 WL 799164, at *1 (S.D.N.Y. Jan. 2018) (quoting *Lliguichuzhca v.*



Hon. Robert W. Lehrburger, U.S.M.J.
Re: *Edwards v. The ServiceMaster Company, LLC*
Page 3 of 4

*Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013)).  The settlement here satisfies the five *Wolinsky* factors.

First, this settlement is fair and reasonable because it represents 39% of the Plaintiffs' asserted best-case scenario for unpaid wages, exclusive of liquidated damages.  *See* Matura Decl. ¶¶ 46-50.  Second, the settlement permits the Parties to forgo continued litigation over significant disputed issues of law and fact, in order to avoid further time and costs of litigation, provides a guaranteed payment, and avoids the uncertainty of a summary judgment motion, conditional certification and decertification motion, trial, and a certain appeal.  *See id*.  Third, the settlement resolves contested issues that are significant given the serious risks of continued litigation.  *See id*.  The settlement covers Plaintiffs' claims, and is fair given the factual disputes that exist regarding: the number of hours worked; the number of weeks overtime was in worked; and the risks of decertification.  *See id.*

The fourth and fifth *Wolinsky* factors are also satisfied as the settlement is the product of an arms-length negotiation that took place over one mediation and a settlement conference overseen by Your Honor, void of fraud or collusion.  *See* Matura Decl. ¶¶ 35 and 39-41; *see, e.g.*, *Hernandez v. Merrill Lynch & Co.*, No. 11 Civ. 8472, 2013 WL 1209563, at *7 (S.D.N.Y. Mar. 21, 2013) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement.") (citation omitted).  A "presumption of fairness, adequacy and reasonableness may attach to a settlement reached in an arm's length negotiations between experienced, capable Counsel after meaningful discovery." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc*., 396 F.3d 96, 116 (2d Cir. 2005).

"In dicta in *Cheeks*, the Second Circuit expressed hesitation with respect to the validity of settlement agreements containing confidentiality provisions, general releases or excessive attorney's fees."  *Valdez*, 2018 WL 799164, at *1.  The Agreement here does not present any of these problems; additionally, as set forth below, the attorney's fees are reasonable.  *See* Matura Decl. ¶ 51; Ex. 1.

### IV.   Plaintiffs' Request for Attorney's Fees and Costs are Reasonable.

Plaintiffs' Counsel's requested fees are one-third of the gross Settlement Amount less reimbursed expenses (approximately 15% reduction of the lodestar).  *See* Matura Decl. ¶ 60.  Plaintiffs' retainer agreement with Plaintiffs' Counsel also provides for a contingent fee of one-third of the recovery.  *See* Matura Decl. ¶ 56.  Plaintiffs' Counsel's request for a contingency fee of one-third of the settlement is consistent with the norms in this district.  *See., e.g.*, *Riveras v. Bilbao Rest. Corp*., No. 17 Civ. 4430, 2018 WL 8967112, at *1 (S.D.N.Y. Dec. 14, 2018) (citing



Hon. Robert W. Lehrburger, U.S.M.J.
Re: *Edwards v. The ServiceMaster Company, LLC*
Page 4 of 4

*Febus v. Guardian First Funding Grp.*, 8770 F. Supp. 2d 337, 339 (S.D.N.Y. 2012) (one-third of the settlement fund is "typical" in wage and hour cases (collecting cases))); *Dorn v. Eddington Sec., Inc.*, No. 08 Civ. 10271, 2011 WL 9380874, at *6 (S.D.N.Y. Sept. 21, 2011) (same).

The practice in the Second Circuit is to apply the percentage method and loosely use the lodestar method as a "cross check." *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000). Here, Plaintiffs' Counsel spent 177.5 hours litigating and settling this matter. *See* Matura Decl. ¶ 53. The hours worked result in a lodestar of $63,195.50, which is more than the requested one-third requested fee. *Id.* ¶ 60; Exs. 2, 3; *see e.g.*, *Yang v. Sunshine ISA, Inc.*, No. 15 Civ. 5031, 2016 WL 6746763, at *3 (S.D.N.Y. 2016) (granting attorneys' fees of one-third in an FLSA settlement where counsel submitted records which also demonstrated that an actual fee award would be 41% of the lodestar further evidenced reasonableness of fees sought).

Plaintiffs' Counsel is also requesting reimbursement for $4,569.00 in costs. *See* Matura Decl. ¶ 58; Ex. 4.

The Court should also consider whether the proposed attorneys' fees are reasonable based on: (1) time and labor expended by counsel; (3) the magnitude and complexities of the litigation; (3) the risk of the litigation; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations. *Goldberg*, 209 F.3d at 50. Based on Plaintiffs' counsel's contemporaneous records documenting time and labor spent on reaching this settlement (*see* Exs. 2, 3), the risks involved in litigating this matter, and the quality of Plaintiffs' Counsel's representation, the parties jointly request the Court approve Plaintiffs' Counsel's requested attorneys' fees. *See* Matura Decl. ¶¶ 5-60.

Accordingly, the Parties request that Your Honor approve the settlement, and so order the Stipulation of Dismissal with Prejudice (attached to Exhibit 1 as Exhibit A).

Thank you for your consideration of this matter.

                                                            Respectfully submitted,

                                                            /s/ Marijana Matura
                                                               Marijana Matura

cc: All Counsel (via ECF)